UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TYESHA ISOM, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:24-cv-01109 (UNA) |
| v. | ) | |
| | ) | |
| AMY CHANG LEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons explained below, it dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, a resident of Denton, Texas, sues Amy Chang Lee, the Associate Director of the Department of Justice's International Prisoner Transfer Unit ("IPTU"), and Paul Johnson, the Denton County District Attorney. *See* Compl. at 1–4, 7, 9. The complaint is vague and rambling, consisting mostly of unfounded vitriol directed at Ms. Lee and plaintiff's paranoid regarding the IPTU, which she considers a "fake prisoner transfer exchange program," borne out

of a widespread international conspiracy that has harmed the United States and its citizens financially. *See id*. at 4, 6.  The complaint also oscillates through disparate topics, including, alleged preferential treatment of "immigrants on work visas, at the expense of "U.S. citizens [who] can work for an income," plaintiff's suspicions regarding "too many Haitians, or alien immigrants in the southern border with French names," "professional music federalists," the NFL and various professional athletes. *See id.* at 6.  Plaintiff demands "$500 million from Ms. Chang Lee . . . held by the U.S. Federal Reserves, which a federal reserve's dealer to protect U.S. government interests." *Id.* at 8.

The court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant complaint satisfies this standard.

Consequently, the complaint and this case are dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:  May 20, 2024

                                            _____/s/_____
                                                     AMIT P. MEHTA
                                          United States District Judge